UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHALONYA KYLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUNCAN BEDLION, DIANE DAVIS, )<br>ANDREW GAMM, BENJAMIN )<br>RUBIN, and RONALD WRIGHT, )<br>)<br>Defendants. )<br>) | Civil No. 12-cv-1572 (KBJ) |

## SCHEDULING ORDER

The parties appeared before this Court on December 17, 2013, for an initial scheduling conference. At that hearing, the Court also heard argument from both parties regarding plaintiff Shalonya Kyle's motion to strike Defendants' affirmative defenses. (ECF No. 29.) For the reasons stated in open court at the hearing, Plaintiff's [29] motion to strike Defendants' affirmative defenses is **DENIED**.

Furthermore, upon consideration of the representations that the parties made during the conference, and also in their joint report submitted pursuant to LCvR 16.3(d), it is hereby **ORDERED** that:

1. Discovery in this case shall proceed with the following deadlines:

   | | |
   |---|---|
   | Motion to join parties, amend the pleadings | **January 31, 2014** |
   | Proponent's expert disclosures under FRCP 26(a)(2)(B) | **March 17, 2014** |
   | Opponent's expert disclosures under FRCP 26(a)(2)(B) | **April 16, 2014** |
   | All discovery complete | **May 16, 2014** |

2. Each side is limited to a maximum of five (5) depositions.

1

3. Each party is limited to maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made no more than thirty days after service.

4. Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts. Responses to all requests for admissions shall be made no more than thirty days after service.

5. Each party is limited to sixty (60) requests for production. Responses to all requests for production shall be made no more than thirty days after service.

6. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

7. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, under LCvR 7(m), counsel are required to confer in good faith if discovery disputes arise and are hereby ordered to attempt to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are not able to resolve a discovery dispute, counsel shall jointly call chambers (202-354-3350) to arrange for a telephone conference with the Court. **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

8. Dispositive motions shall be filed by **July 15, 2014**; oppositions by **August 14, 2014**; and replies, if any, by **August 28, 2014**. Motions for extensions of time to file a dispositive motion, opposition, or reply are disfavored, and will only be granted for good cause. Counsel are encouraged to seek consent of the parties when requesting an

extension, and to include in the motion for an extension the altered deadlines that are being requested.

9. Every motion for summary judgment and opposition to such motion must comply with Local Civil Rule 7(h). Such a motion or opposition must include a statement of material facts that includes references to the record, and an opposition must include a separate, concise statement of genuine disputed issues. Each fact and issue must be set forth in separately numbered paragraphs. An opposition to a motion for summary judgment must contain a response to any statement of undisputed material fact set forth in the summary judgment motion, and the opposition's response must (1) restate the movant's statement of undisputed material fact, and (2) immediately following each such paragraph set forth the opponent's response to that fact, along with specific references to the parts of the record relied upon to support the response. If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the movant's statement of facts, or specific references to the parts of the record relied upon to support the statement or response, the court may treat as conceded any facts asserted in the movant's statement of facts.

10. The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles in whole or in part, plaintiff shall advise the Court by promptly filing a stipulation.

11. A further status conference is scheduled for **Friday, May 23, 2014, at 10 AM**. Counsel are expected to come to that conference prepared to discuss the status of

discovery, their respective settlement positions, and whether they anticipate filing dispositive motions. Counsel must bring full settlement authority to the status conference. If settlement is not reached, a pretrial conference date, and trial date, may be selected. Counsel should be prepared to advise the Court regarding the expected length of a trial and the number of fact and expert witnesses each party will present. Trial counsel must be present at all conference and hearings unless excused by the Court in advance of the hearing date.

12. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* FRCP 16(b); LCvR 16.4. The parties' communication with the Court should be in writing and only by written motion, opposition, and reply, not by letter. Oral inquiries concerning the status or scheduling of any pending matter are disfavored. If a party nevertheless needs to make such an oral inquiry, such questions should be directed to the Courtroom Deputy Clerk, Ms. Gwen Franklin (202-354-3145) rather than to chambers. If Ms. Franklin is unavailable, such inquiries should be directed to the staff person in the clerk's office who has been designated as her substitute. In an emergency, however, chambers can be reached at 202-354-3350.

**SO ORDERED.**

DATE: December 17, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge