UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHALONYA KYLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-cv-1572 (KBJ) |
| DUNCAN BEDLION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On November 6, 2014, the parties appeared before this Court for a motion hearing regarding Defendants' Motion for Partial Summary Judgment. (ECF No. 38.) At the hearing, defense counsel acknowledged that resolution of this motion turns, in large part, on whether Defendant Bedlion—a Metropolitan Police Department ("MPD") sergeant—had probable cause to arrest Plaintiff.  (*See* Mot. Hr'g Tr. at 24:4-7, 34:20-23, 62:20-22, Nov. 6, 2014.)  Defense counsel urged this Court to make a probable cause determination based on the current record so that the Court might then rule on whether all of the officers who have been sued in this matter are entitled to qualified immunity or common law privilege with respect to Plaintiff's various false arrest and retaliatory arrest claims. (*See id.*; *see also id.* at 48:8-10 (Plaintiff's counsel concedes that "if Sergeant Bedlion had probable cause to arrest, then everybody had probable cause").)  *See also Dellums v. Powell*, 566 F.2d 167, 175 (D.C. Cir. 1977) (explaining that the central inquiry for common-law and constitutional false arrest claims is "whether the arresting officer was justified in ordering the arrest of the plaintiff; if so, the conduct of the arresting officer is privileged and the action fails").

There is no dispute that determining whether or not probable cause existed for Plaintiff's arrest requires consideration of "'the facts and circumstances within the arresting officer's knowledge, of which he had reasonably trustworthy information'" at the time of the arrest. *Amobi v. Dist. of Columbia Dep't of Corr.*, 755 F.3d 980, 990 (D.C. Cir. 2014) (quoting *Rucker v. United States*, 455 A.2d 889, 891 (D.C. 1983)). However, the present record in the instant case lacks sworn testimony of any kind from Sergeant Bedlion, the MPD official who ordered Plaintiff's arrest after discharging pepper spray and allegedly pushing Plaintiff into a hot barbeque grill. Rather than proffer such testimony, Defendants have asked this Court simply to adopt Plaintiff's version of the facts related to her arrest as true for the purpose of Defendants' partial summary judgment motion, and to rule on both probable cause and qualified immunity based on those allegations of fact. (*See, e.g.*, Mot. Hr'g Tr. at 13:12-14:6.)

This Court declines to follow Defendants' proposed course of action for at least three reasons. First, the Court concludes that it cannot fairly assess the events in question and Sergeant Bedlion's knowledge of them—as an evaluation of probable cause and a determination of the applicability of qualified immunity requires—without Sergeant Bedlion's sworn testimony regarding the facts and circumstances preceding Plaintiff's arrest. *See Brown v. Fogle*, 819 F. Supp. 2d 23, 29-30 (D.D.C. 2011) (denying motion to dismiss without prejudice to refiling a "properly supported motion for summary judgment" post discovery, where defendants had asserted qualified immunity but had only provided an "unsworn narrative of the underlying events"); *see also Polk v. Dist. of Columbia*, 121 F. Supp. 2d 56, 65 (D.D.C. 2000) (noting that "[w]here . . . the applicability of qualified immunity turns on the facts known by the

public officials at the time of the challenged conduct, and there is a genuine dispute with respect to the existence of such facts or the defendants' knowledge thereof, the issue of qualified immunity is subject to determination by the factfinder at trial" (internal quotation marks and citation omitted)).  Indeed, Defendants have not pointed to a single prior case in which a court in this district has dismissed a false arrest complaint on qualified immunity grounds without considering officer testimony about the events in question, and this Court is not aware of any.

Second, in the context of Defendants' previously filed motion to dismiss, this Court has already construed the allegations in the instant amended complaint and concluded that Plaintiff's pleading does state claims for false and retaliatory arrest notwithstanding Defendants' prior assertions of privilege and qualified immunity.  (*See* Order on Defs.' Partial Mot. to Dismiss, ECF No. 25).  Defendants' suggested approach to resolving the pending partial motion for summary judgment would, in effect, permit Defendants a second bite at the motion-to-dismiss apple.  (*See* Mot. Hr'g Tr. at 39:20-25 (Plaintiff's counsel noting that "the Court has actually already ruled on this entire motion" because Defendants had previously and unsuccessfully "made a motion to dismiss in which they assumed as true all of the facts in our complaint"); *see also* Defs.' Mem. in Supp. of Defs.' Partial Mot. to Dismiss Pl.'s Am. Compl., ECF No. 14, at 15-18 (arguing that defendant officers who were involved in the underlying incident "are entitled to qualified immunity" with respect to Plaintiff's Fourth Amendment claims).)[1]

Third, to the extent that Defendants contend that ruling on the issue of qualified immunity before the parties engage in a full round of discovery is necessary to protect

---

[1] Page numbers refer to those assigned by the Court's electronic filing system.

immune police officers "not only from liability but from the rigors of the discovery process" (Mot. Hr'g Tr. at 5:22-23), this Court notes that there will be no such savings in the instant case in any event: Defendants have chosen to file only a *partial* motion for summary judgment such that certain claims against Sergeant Bedlion remain, and at the hearing, defense counsel conceded both that discovery should now proceed with respect to Sergeant Bedlion (*see id.* at 64:10-17) and that Plaintiff may "depose other witnesses" in the course of that discovery (*id.* at 64:20-21). This means that the other MPD officers who have been named as defendants in the instant case likely will be deposed as witnesses with respect to this matter even if this Court were to find that they themselves are entitled to qualified immunity in the context of the pending partial motion for summary judgment, such that allowing the parties to engage in a full round of discovery before this Court rules on the qualified immunity question will place little additional burden on Defendants. Furthermore, it is clear to this Court that any additional burden on the officers is significantly outweighed by the substantial interest that this Court and the parties have in establishing the facts that were known to Defendants at the time of Plaintiff's arrest. *Cf. Kartseva v. Dep't of State*, 37 F.3d 1524, 1530 n.21 (D.C. Cir. 1994) (finding "no harm in postponing [qualified immunity] decision" with respect to plaintiff's *Bivens* claims until after discovery on plaintiff's related Administrative Procedure Act claim "unearthed the relevant facts").

In sum, the issue that is properly before this Court at present is whether, based on the record evidence, Defendants are entitled to some form of immunity or privilege that shields them from liability for Plaintiff's claims, and this Court believes that a fair assessment of this issue requires an examination of the full panoply of facts known to

the police officers at the time of the allegedly abusive and retaliatory arrest. *See Brown*, 819 F. Supp. 2d at 29 (defendants' "unsworn narrative of the underlying events cannot be considered as evidence" of their purportedly reasonable conduct (internal citation omitted)).  As a result, this Court concludes that the parties must engage in discovery proceedings at this point in the litigation—prior to, and in furtherance of, a ruling on qualified immunity—and they should proceed to discovery with respect to all of Plaintiff's claims, despite the fact that not all of the counts that Defendants challenge in their motion for partial summary judgment turn on probable cause.  (*Compare* Am. Compl., ECF No. 13, ¶¶ 96-101 (False Arrest), 158-166 (Fourth Amendment), 169-177 (First Amendment), *with id.* ¶¶ 102-110 (Assault and Battery), 111-137 (Negligence), 138-148 (Abuse of Process), 149-157 (Defamation).)  The remaining claims in this action are also largely fact-bound and are thus properly subject to discovery prior to a motion for summary judgment.  *See, e.g.*, *Dormu v. Dist. of Columbia*, 795 F. Supp. 2d 7, 29 (D.D.C. 2011) (noting that certain negligence claims require expert testimony in order "to establish the applicable standard of care").  Moreover, this Court finds that it would be inefficient and impractical to address the counts that do not require an assessment of probable cause separate and apart from the core allegations and defenses in this case, especially when doing so would not result in the dismissal of any Defendants as a matter of law.

Therefore, it is hereby

**ORDERED** that the **STAY** that this Court previously imposed regarding the discovery period in this matter (Minute Order of Aug. 29, 2014) is **LIFTED**, and the parties shall engage in a 100-day period of fact and expert discovery between today's

5

date and **February 20, 2015**.  In this regard, the parties' [39] Joint Motion for a New Scheduling Order is **GRANTED**, and the deadlines for expert designations and discovery that that motion proposes are adopted.  Accordingly, proponent's expert designations shall be due **January 12, 2015**, and opposition expert designations shall be due **January 27, 2015**.  It is

**FURTHER ORDERED** that Defendants' [38] Motion for Partial Summary Judgment is **DENIED WITHOUT PREJUDICE** to filing a new dispositive motion after discovery concludes.  It is

**FURTHER ORDERED** that the parties shall appear before this Court on **March 5, 2015,** at 10:00am in Courtroom 17, for a post-discovery scheduling conference.  At that conference, the parties should be prepared to discuss whether a renewed period of mediation should commence, or whether a renewed briefing schedule for dispositive motions should be set.

DATE:  November 12, 2014                    *Ketanji Brown Jackson*
                                            KETANJI BROWN JACKSON
                                            United States District Judge